## MAPLES *against* PARK:

### IN ERROR.

Where the return of the constable on a jury-warrant stated, that " whereas he proceeded to the town clerk's office, and drew out of the jury-box the name of *L*, in the presence of *D*, clerk of the town, and read the summons in his hearing;" and the court found, that such juror was not otherwise drawn or summoned than as evidenced by such return; it was held, on a motion in arrest of judgment, 1. that the same formality of pleading was not required in motions of this kind as in pleadings relating to the subject matter of the suit; 2. that the return was not legally exceptionable, because it commenced with " whereas;" 3. that the fair import of the return was, that the constable read the summons in the hearing of the juror; 4. that no other omission of duty being alleged in the motion, the return was sufficient, and the motion should be overruled.

If *B* assign the promissory note of a third person to *A* in payment of a preëxisting debt, and afterwards give a discharge to the maker of such note, without receiving any payment from him, an action of *assumpsit* for money had and received will lie in favour of *A* against *B* for giving such discharge.

This was an action of *indebitatus assumpsit*, brought by *Thomas H. Park* against *Lathrop H. Maples,* containing the common counts, and them only, *viz.* for money had and received, by the defendant, for the plaintiff's use; for money laid out and expended, by the plaintiff, for the defendant, at his request; for money lent and advanced, by the plaintiff, to the defendant, at his request; for goods, wares and merchan-

dize, sold and delivered, by the plaintiff, to the defendant, at his request; and for work and labour, performed by the plaintiff, for the defendant, at his request.

The defendant pleaded the general issue; on which the cause was tried, in the county court of *New-London* county, *February* term, 1844.

On the trial, the plaintiff claimed to have proved, that on the 16th of *January*, 1843, *Woodward & Avery* gave their promissory note of that date to the defendant, thereby promising, for value received, to pay him, or order, on demand, the sum of 45 dollars; and that, on the next day, the defendant, without any payment made by *Woodward & Avery*, or any thing received from them, gave to them a discharge of all demands against them, thereby discharging said note; representing to them, that he then held it and had the controul thereof: that prior to this time, the defendant was indebted to the plaintiff, by his promissory note, for the sum of 50 dollars, and after receiving said note from *Woodward & Avery*, he, without indorsement, transferred and delivered it to the plaintiff, with 5 dollars in money, in payment of said note for 50 dollars, which was thereupon given up to the defendant. It was not proved whether the discharge was given to *Woodward & Avery* before or after the transfer and delivery of their note to the plaintiff.

The defendant claimed, that the discharge was given when the note for 45 dollars was received by him, and in discharge of the prior indebtedness of *Woodward & Avery;* wholly denying the right of the plaintiff to recover in this action.

There was no evidence to show, that *Woodward & Avery*, when they received the discharge, had any knowledge that their note had passed out of the hands of the defendant.

The court instructed the jury, that if they should find, that the defendant made and delivered the discharge to *Woodward & Avery* understandingly, with design to discharge their note for 45 dollars, and did thereby discharge it, whether such discharge was delivered to *Woodward & Avery* before or after the delivery of said note to the plaintiff, the plaintiff was entitled to recover the amount of said note, with interest and costs. But if they should find, that the discharge was given with intent to discharge only the original indebted-

ness of *Woodward & Avery*, their verdict must be for the
defendant to recover his costs.

The jury returned a verdict for the plaintiff, with damages in conformity to the charge. The defendant thereupon filed a bill of exceptions, which was allowed by the court. The defendant also moved in arrest of judgment, on the ground that one of the jurors, returned to the court, and sworn and empanneled for the trial of the cause, and who rendered the verdict, had not been drawn, summoned and empanneled pursuant to the requirements of the statute law of this state. This juror was *Seth E. Lathrop*. The return upon the jury warrant was as follows:

" *New-London county, ss. Salem, January* 20, 1844. Whereas I then proceeded to the town-clerk's office, and drew out of the jury-box the name of *Seth E. Lathrop*, in the presence of *John C. Daniels*, clerk of the town of *Salem*, and read this summons in his hearing. Attest. *Augustus S. Holmes*, constable." The motion averred, that of the facts as to the drawing and summoning of said *Lathrop*, as such juror, the defendant had not, nor had his counsel, any notice, until after the verdict was rendered; all of which the defendant was ready to verify. The plaintiff, in reply, averred, that the facts above stated were not true. The court found, that the juror, *Seth E. Lathrop*, was not otherwise drawn or summoned than as evidenced by the indorsement on the jury-warrant, as stated in the defendant's motion; and thereupon adjudged, that such indorsement was sufficient, and overruled the motion in arrest.

Final judgment being rendered on the verdict in favour of the plaintiff, the defendant brought a writ of error in the superior court; which was reserved for the advice of this court.

*Strong* and *Hill*, for the plaintiff in error, contended, 1. That the motion in arrest was improperly overruled. In the first place, the issue in fact should have been answered, by the finding. The facts alleged in the motion were all denied, thus making an issue, which should have been found one way or the other. This was not done. 1 *Sw. Dig.* 784. *Nichols* v. *Palmer*, 5 *Day*, 47. 53, 4. Secondly, the return does not show, that the name of the juror was legally drawn from

the box.   The statute requires, that the constable shall draw the names of the jurors, " without seeing the names before he draws them."   *Stat.* 52. *tit.* 2. *c.* 1. *s.* 37. (ed. 1838.)   It does not appear from the return that this was done.   Thirdly, the return does not show that the juror was summoned. The constable says, that he drew out of the jury-box the name of *Seth E. Lathrop*, in the presence of *John C. Daniels*, clerk of the town of *Salem*, and read the summons in *his* hearing.   In whose hearing?   *John C. Daniels* is the last antecedent.   Fourthly, the return alleges no facts positively, but by way of recital only.   This is bad pleading.   *Amyon* v. *Shore*, 1 *Stra.* 621.   1 *Chitt. Pl.* 286. (7th *Am.* ed.) Lastly,  the court has found, that the juror was no otherwise drawn and summoned than as evidenced by the return. Consequently, nothing omitted in the return can be supplied, by presumption or other evidence.

2. That the charge to the jury was erroneous.   It instructed them, that if the defendant understandingly discharged the note of *Woodward & Avery*, either before or after it was delivered to the plaintiff, the plaintiff was entitled to recover the amount, in this action.   It will not be claimed, that any count in the declaration is applicable to this case, except the one for money had and received.   If an action on that count can be maintained at all, it must be on the ground that the note of *Woodward & Avery* was *utterly void*, when it was assigned and delivered to the plaintiff, and consequently, was no payment of the note, which the plaintiff held against the defendant, and gave up through a mistaken belief of payment. *The Eagle Bank* v. *Smith*, 5 *Conn. R.* 71. 75.   But if the note of *Woodward & Avery* had not been discharged, when it was assigned to the plaintiff, it was then a good and valid note, and, with the five dollars in money, constituted full payment of the note given up.   There was then no "mistaken belief" in the case.   If the defendant destroyed the validity or defeated the collection of the note of *Woodward & Avery*, *after* he had assigned it to the plaintiff, it was a breach of the warranty or contract of indemnity implied by the assignment, for which the plaintiff may have ample remedy, in the appropriate form of action, but not in the present action.   *Sw. Ev.* 349.   1 *Sw. Dig.* 434. 438.   It may well be doubted, however, whether the right of action, in that case, would be

complete, until the discharge was made available, by being pleaded.

*Foster*, for the defendant in error, contended, 1. That the motion in arrest was correctly overruled. The mode of drawing jurors is prescribed by the statute ; and the return shows, that this mode was pursued. The manner of finding the issue by the court, is not subject to reasonable exception. The real issue was, whether the return was sufficient. That issue is found directly in the affirmative.

2. That there is nothing erroneous in the instruction given by the court to the jury. The complaint is, that the judge told the jury, that if the defendant gave the discharge to *Woodward & Avery*, understandingly, with design to discharge the note, and if he did thereby discharge it, the plaintiff could recover, whether the discharge was given before or after the assignment. The only question of fact in regard to the discharge, was, whether it was given while the defendant had the note in his possession, with the view to discharge it, as claimed by the plaintiff; or whether it was given at the same time that the note was executed, merely to discharge the antecedent indebtedness for which the note was given, as claimed by the defendant. On this question, the remark of the court, that if the defendant had understandingly discharged the note, the plaintiff was entitled to recover, whether the discharge was delivered before or after the assignment of the note, even if not technically correct, as a legal position, does not render the judgment erroneous. It was an opinion merely *obiter*, on a state of facts disclaimed by both parties; and whether correct or incorrect is of no consequence, since it could not have any possible influence on the minds of the jury in finding their verdict. Under such circumstances, an erroneous opinion from the court is no ground for a new trial. The erroneous opinion, if it be such, does the plaintiff in error no injury. *Churchill* v. *Rosebeck*, 15 *Conn. R.* 359. *Hoyt* v. *Dimon*, 5 *Day*, 479. *Williams* v. *Cheeseborough*, 4 *Conn. R.* 356. *Selleck* v. *The Sugar Hollow Turnpike Company*, 13 *Conn. R.* 453.

Now, it is demonstrable from this record, that the discharge was given before the note was passed to the plaintiff. Both parties claimed it to be so—the defendant as well as the

*New-London,*
*July, 1845.*

Maples
*v.*
Park.

plaintiff; the only point litigated being whether the object of the discharge was to release the note, or the antecedent indebtedness. The only object of a new trial, then, is, that the law may be laid down correctly on a state of facts not in controversy between the parties.

But suppose the circumstances of the case were different, and the time of the delivery of the discharge—*i. e.* whether before or after the assignment of the note—had been the point in controversy, still the instruction of the court was correct. If a man passes a promissory note in payment of a debt, knowing the note to be valueless, having made it so by his own act, by discharge or otherwise, it is no extinguishment of the original debt. The original cause of action against him subsists as before, and may be as successfully prosecuted, as if the note had never been given. So if, after he passes it, he receives the money due on it, the law raises a promise that he will pay it to the person who holds the note. *Dougal* v. *Cowles,* 5 *Day,* 511. *Bartsch* v. *Atwater,* 1 *Conn. R.* 409. *Davidson* v. *Bridgeport,* 8 *Conn. R.* 473. *Bill* v. *Porter,* 9 *Conn. R.* 23. *Archb. N. P.* 177. *Hawley* v. *Sage,* 15 *Conn. R.* 52.

It is said, however, that no money was received by the defendant; that nothing passed to him. That can make no difference. By his discharge, he says he has received the amount of the note; and he says it in such a way that it destroys the note; the plaintiff cannot recover upon it. The defendant is then bound by it, and is estopped from asserting the contrary. *Perchard* & al. v. *Tindall,* 1 *Esp. Ca.* 394. *Gosling* v. *Birnie,* 7 *Bing.* 339. (20 *E. C. L.* 153.) *Hawes* v. *Watson,* 2 *B. & Cres.* 540. (9 *E. C. L.* 170.) *Hollister* v. *Johnson,* 4 *Wend.* 642. *Hall* & ux. v. *White,* 3 *Carr. & P.* 136. (14 *E. C. L.* 242.) *Drury* v. *Fay,* 14 *Pick.* 326. *Pickard* v. *Sears,* 6 *Ad. & El.* 469. (33 *E. C. L.* 115.) *De Metton* v. *De Mello,* 12 *East* 234.

Waite, J. The plaintiff claims, that there are two errors in the proceedings of the county court : one in relation to the motion to set aside the verdict, and the other in the charge to the jury.

1. The motion states, in substance, that one of the jurors was not duly summoned, according to the requirements of the

statute, setting out at length the return of the constable upon the jury-warrant. The court finds, that the juror was not otherwise drawn or summoned, than as stated in that return, and adjudges the return sufficient.

The complaint now is, that the issue is not properly found, and the judgment upon the finding is erroneous. The same formality of pleading is not required in motions of this kind, as in the pleadings in relation to the subject matter of the suit. Although the motion is not drawn with technical precision, yet the object is apparent. It was to test the validity of the return upon the jury-warrant ; and for that purpose it is recited at length. The court, so understanding it, finds it to be true, and adjudges it to be sufficient.

The objection now urged, that it commences with a *whereas,* and *grammatically* imports that the warrant was read in the hearing of the town-clerk, and not in that of the juror, might be worthy of some consideration, were it urged against the sufficiency of a plea in abatement, but cannot prevail in a case of this kind. The return is, indeed, made in language not grammatically correct; yet no person looking at it with the eyes of common sense, can mistake its true meaning. The fair import is, that the officer proceeded to the town-clerk's office, drew from the jury-box, in presence of the clerk, the name of the juror, and then read the warrant in his hearing. This is all that the law requires. At any rate, no other omission of duty on the part of the officer, is shown.

2. The bill of exceptions presents a difficulty of a graver character. The declaration contains only the common counts in the action of *assumpsit.* The plaintiff below claimed, on the trial, that he had a note against the defendant for the sum of fifty dollars, and that the defendant, in part payment of that note, assigned and transferred to the plaintiff, without indorsement, another note against *Woodward & Avery* for the sum of forty-five dollars. At some time, whether before or after the assignment to the plaintiff did not appear, the defendant, without receiving any payment from *Woodward & Avery,* gave them a discharge of all demands, and thereby discharged the note.

The court instructed the jury, in relation to these matters, that if they should find, that the defendant gave the discharge, with design to discharge the note, and did thereby discharge

it, whether it was done before or after the assignment to the plaintiff, the plaintiff was entitled to recover the amount of the note, with interest and costs. From this charge the jury must have understood, that if the defendant gave the discharge upon the note, after he had assigned it to the plaintiff, he was liable in the form in which he was sued. We do not see how this part of the charge can be vindicated.

If the note was a good and valid note, at the time it was transferred to the plaintiff, then it operated as payment of so much of the defendant's debt to the plaintiff. No subsequent destruction of that note could operate to revive the original indebtedness of the defendant to the plaintiff. The defendant, by giving the discharge, committed a fraud upon the plaintiff, for which he might be liable in a proper form of action.

Had the defendant, at the time he gave the discharge to *Woodward & Avery*, received from them the amount of the note in money, the case would be different. The plaintiff, under such circumstances, might treat the defendant as his agent, and hold him accountable for the amount received, as for so much money received for the plaintiff's use. But the bill of exceptions shows, that the defendant received nothing from *Woodward & Avery* for the discharge, and of course had received nothing for which he was accountable to the plaintiff.

It is further said, that the defendant, by his discharge, has acknowledged the receipt of the forty-five dollars, and is estopped from denying it. But there are no sufficient facts stated upon the bill of exceptions to warrant any such conclusion. Besides, neither the parties nor the court, on the trial, placed the case upon that ground.

Upon this last point, therefore, in relation to the charge of the court to the jury, we are of opinion, that the judgment of the county court must be reversed ;—and we so advise the superior court.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

Judgment reversed.